IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. KENNEDY, | ) | |
| | ) | Civil Action No. 12 – 113 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Cathy Bissoon |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| DAN ONORATO, County Executive, | ) | |
| SERGEANT RANDY, Correctional | ) | |
| Sergeant, PESIO, Correctional Officer, | ) | ECF No. 18 |
| and ALLEGHENY COUNTY | ) | |
| PRISON, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

For the following reasons, it is respectfully recommended that the Motion to Dismiss filed by Defendants Dan Onorato and Allegheny County Prison (ECF No. 18) be granted. It is further recommended that Defendants Correctional Sergeant Randy and Correctional Officer Pesio be dismissed from this action for Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m) and for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**II.  REPORT**

William J. Kennedy (hereinafter referred to as "Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution at Smithfield. He initiated this case on February 1, 2012, alleging violations of his Eighth and Fourteenth Amendment rights against Defendants Dan Onorato, County Executive; Correctional Sergeant Randy; Correctional Officer Pesio; and

1

Allegheny County Prison. (ECF No. 3, Complaint.) The Court appointed Attorney Adrian N. Roe of the Duquesne University School of Law Federal Practice Clinic to make a limited appearance on behalf of Plaintiff. (ECF No. 16.) Defendants Onorato and Allegheny County Prison filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) Plaintiff was granted an extension of time to respond to Defendants' Motion to Dismiss but thereafter Plaintiff's Attorney moved to terminate his limited appearance due to irreconcilable differences. (ECF Nos. 22-24.) That motion was granted and Plaintiff was granted three more extensions of time to file a *pro se* response to the pending Motion to Dismiss. (ECF No. 25; Text Order dated Jan. 16, 2013; ECF No. 31.) In the interim, Plaintiff was ordered to show cause why Defendants Randy and Pesio should not be dismissed for failure to prosecute. (ECF No. 32.) As of the date of this Report and Recommendation, Plaintiff has filed neither a response to the pending Motion to Dismiss nor the Court's Order to show cause and the time to do so for both has since expired.

### A. Allegations

Plaintiff alleges that while he was housed in the Allegheny County Jail[1] he had a verbal altercation with Defendant Pesio that led to Defendant Pesio spreading a rumor throughout the jail that Plaintiff was in for sexually assaulting "black children." (ECF No. 3 at ¶ 12.) Plaintiff contends that prisoners who have been charged with sexual offenses are harassed and physically and sexually assaulted by other inmates. Id. at ¶ 13. He alleges that after Defendant Pesio spread the rumor, a group of about ten African-American inmates approached harassing him and began to physically assault him by punching him in the chest, stomach and face, knocking him to

---

[1] Plaintiff states that he was housed in the Allegheny County Prison. Because there is no Allegheny County Prison, the undersigned will assume that it was the Allegheny County Jail.

the floor unconscious. Id. at ¶ 15. He also alleges that Defendants Pesio and Randy witnessed the assault and that Defendant Randy advised Defendant Pesio to "ignore it" and "not look so obvious" referring to the surveillance cameras on the unit. Id. at ¶ 16.

Plaintiff alleges that the assault continued even after he was knocked unconscious then he was dragged into a cell where he was repeatedly sexually assaulted by several prisoners. Id. at ¶ 18. As a result of the incident, Plaintiff alleges that he suffered injuries to his body and head and that Defendants Randy and Pesio refused to respond to his plea for help. Id. at ¶¶ 18-19. He was again subjected to verbal harassment and intimidation when another inmate allegedly grabbed him, shoved his fist in his face and threatened to "shank" him while two other inmates allegedly threatened to torture, kill and rape him. Id. at ¶ 19. He claims that he was again physically assaulted, knocked unconscious and awoke to find himself in the segregation unit. Plaintiff maintains that he now suffers from post-traumatic stress disorder and he is seeking, among other relief, compensatory and punitive damages in the amount of $500,000 against each Defendant. Id.

### B. Legal Standard

Defendants Onorato and Allegheny County Prison have filed Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (May 18, 2009) (citing Twombly, 550 U.S. at

3

555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citing Twombly, 550 U.S. at 556-57).

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in Phillips v. County of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008) (construing Twombly in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of Twombly and Iqbal as follows:

> After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See* Id. at 1949-50; *see also* Twombly, 505 U.S. at 555, & n. 3.

Fowler, 578 F.3d at 210.

Thereafter, in light of Iqbal, the United States Court of Appeals for the Third Circuit in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

4

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See* Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)). A court may also consider indisputably authentic documents. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Golden v. Cook, 293 F. Supp.2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and publically available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'") (citations omitted).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### C. Discussion

**1. Defendant Onorato**

*a. Individual Capacity*

Defendants argue that the Complaint fails to state a claim against Defendant Onorato in his individual capacity based on his lack of personal involvement in any alleged wrongdoing. For liability under 42 U.S.C. § 1983, a defendant "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. However, alleging a mere

hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement; allegations "must be made with appropriate particularity." Id.

A supervisory defendant can be held liable if he or she played an "affirmative part" in the complained-of misconduct. See Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986) (citing Rizzo v. Goode, 423 U.S. 362, 377 (1976)). In this regard, the Third Circuit Court of Appeals has stated that "a supervisor may be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (footnote omitted). Additionally, "[i]t is possible to establish section 1983 supervisory liability by showing a supervisor tolerated past or ongoing misbehavior." Baker v. Monroe Township, 50 F.3d 1186, 1191 n.3 (3d Cir. 1995) (citing Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 724-25 (3d Cir. 1989)). Further, "a supervisor may be liable under § 1983 if he or she implements a policy or practice that creates an unreasonable risk of a constitutional violation on the part of the subordinate and the supervisor's failure to change the policy or employ corrective practices is a cause of this unconstitutional conduct." Argueta v. United States Immigration & Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011) (citing Brown v. Muhlenberg Township, 269 F.3d 205, 216 (3d Cir. 2001).

In this case, Plaintiff argues that Defendant Onorato is liable in his supervisory capacity but he fails to allege any facts specific to Defendant Onorato except that he was the Allegheny County Executive at the time the incident allegedly occurred. See ECF No. 3 at ¶ 3. Plaintiff has failed to set forth the requisite level of personal involvement of Defendant Onorato and it is clear from the complaint that he seeks to hold him liable based on *respondeat superior*, which cannot

be done.  For these reasons, Defendant Onorato in his individual capacity must be dismissed from this action with prejudice.

      *b. Official Capacity*

Defendants also move to dismiss Plaintiff's Complaint against Defendant Onorato in his official capacity.  The United States Supreme Court has held that suing a party in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985).  As such, it is no different from a suit against the entity itself.  <u>Graham</u>, 473 U.S. at 166; <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71 (1989).  In this case, Defendant Onorato was an Allegheny County official.  Under section 1983, a local government like Allegheny County is subject to liability "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of by the plaintiff.  <u>Monell v. Dept. of Soc. Servs. of City of New York</u>, 426 U.S. 658, 694 (1978).  The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible.  <u>Id</u>.

In finding municipal liability pursuant to § 1983, the plaintiff must identify the policy, custom or practice of the municipal defendant that results in the constitutional violation.  <u>Id</u>. at 690-91.  A municipal policy is made when a decision-maker "issues an official proclamation, policy, or edict."  <u>Andrews v. City of Phila.</u>, 895 F.2d 1469, 1480 (3d Cir. 1990).  A custom or practice, however, may consist of conduct so permanent and well-settled that it has the force of law.  <u>Id</u>.

Finally, the plaintiff must show that, "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of rights." Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997). For determining whether a municipality should be held liable under § 1983, "deliberate indifference" is the relevant standard. This is a stringent standard of fault, requiring proof "that the municipal action was taken with deliberate indifference to its known or obvious consequence." Id. at 407 (internal quotations omitted); *see also* City of Canton v. Harris, 489 U.S. 378, 389 (1989). In other words, a plaintiff must demonstrate that a municipality had notice that a constitutional violation could occur and acted with deliberate indifference to this risk. Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000).

Here, Plaintiff's Complaint is insufficient to state a claim against Allegheny County as he has not alleged that an Allegheny County custom or policy caused his injury. Indeed, it is clear that Plaintiff has sued Defendant Onorato in his official capacity in an attempt to hold Allegheny County liable for the alleged wrongful acts of Defendants Pesio and Randy solely because the county is their employer. As previously noted, however, liability cannot be predicated on the operation of *respondeat superior*. *See* Rode, 845 F.2d at 1207; Monell, 436 U.S. at 694. The mere fact that Defendant Pesio allegedly spread one rumor that resulted in Plaintiff being physically and sexually assaulted is not enough to establish such a policy or custom to make the county liable. As such, Plaintiff's Complaint should be dismissed with prejudice against Defendant Onorato in his official capacity.

2. **Defendant Allegheny County Prison**

Defendants assert that the Complaint fails to state a claim against Allegheny County Prison. Plaintiff names Allegheny County Prison as a Defendant in this action. Again, the undersigned assumes that this is the Allegheny County Jail as there is no Allegheny County Prison. The jail, however, is a building and not an entity subject to suit under § 1983. *See*, e.g., Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) ("state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); Howie v. Allegheny Cnty., 2009 WL 1309749, at *2 (W.D. Pa. 2009) ("Here, the claims asserted against the [jail] are subject to dismissal because jail facilities are not 'persons' for the purpose of § 1983 liability."); Vance v. County of Santa Clara, 928 F. Supp. 993, 995 (N.D. Cal 1996) (county department of corrections is an agency of the county and cannot be sued separately from the county under section 1983); Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D. N.Y. 1994) (county jail not an entity subject to suit under section 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under section 1983); McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under section 1983); Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (county department of corrections not a suable entity separate from the county). In this case, the proper defendant would be Allegheny County. However, for the reasons previously addressed in Section II(C)(1)(b) of this Memorandum Opinion, Plaintiff is unable to state a claim against Allegheny County. As such, Plaintiff's Complaint should be dismissed with prejudice against Allegheny County Prison.

### 3. Defendants Randy and Pesio

On March 9, 2012, the Court ordered the United States Marshal to serve the Complaint on each Defendant as directed by Plaintiff. ECF No. 8. Both of the summonses were sent to the Allegheny County Jail at the direction of Plaintiff and both were returned unexecuted on March

29, 2012, with a notation: "NO ONE HERE BY THAT NAME." ECF Nos. 9-10. On February 14, 2013, Plaintiff was ordered to show cause why the undersigned should not issue a report and recommendation that these two Defendants be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 32. Plaintiff did not respond to the order to show cause and he has otherwise failed to provide the Court with appropriate addresses for these two Defendants so they can be served.

Under the Federal Rules of Civil Procedure, if a service of summons and complaint is not made upon a defendant within 120 days of filing of the complaint, the court may dismiss the complaint without prejudice as to that defendant. *See* Fed.R.Civ.P. 4(m). The complaint in this matter was filed on February 3, 2012, well over 120 days ago. When there has been a failure to timely serve a complaint upon a defendant as contemplated under Federal Rule of Civil Procedure 4(m), a court, after giving the plaintiff appropriate notice, may dismiss the complaint for failure to comply with Rule 4(m) and for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* <u>Liu v. Oriental Buffett</u>, 134 F. App'x 544, 546-47 (3d Cir. 2005); <u>Gebhardt v. Borough of Island Heights</u>, 2007 U.S. Dist. LEXIS 90119, 2007 WL 4355465, at *1 (D. N.J. Dec. 7, 2007). Because this matter has been pending since February of 2012, and because the current addresses for Defendants Pesio and Randy still remain unknown, despite the Court's recent warning to Plaintiff, the dismissal of this action without prejudice for failure to effectuate service on the remaining Defendants is appropriate.

### III. <u>CONCLUSION</u>

For the following reasons, it is respectfully recommended that the Motion to Dismiss filed by Defendants Dan Onorato and Allegheny County Prison (ECF No. 18) be granted. It is further recommended that Defendants Correctional Sergeant Randy and Correctional Officer

Pesio be dismissed from this action for Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m) and for failure to prosecute under Federal Rule of Civil Procedure 41(b).

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: April 17, 2013.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: **William J. Kennedy**
DV-0761
SCI Smithfield
1120 Pike Street
Huntingdon, PA 16652
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*